UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 24-cv-22131-BLOOM/Elfenbein**

CARLOS ALONSO MARTINEZ MAYORGA,

    Petitioner,

v.

MICHAEL W. MEADE, Director in his
official capacity as Field Office Director
for the ICE Miami Office of Enforcement & Removal,
SUSAN DUNBAR, in her official capacity as acting
Executive Associate Director for Management and
Administration for Immigration, PATRICK K. LECKLEITNER,
in his official performing duties of the Director of the
United States Immigration and Customs Enforcement, and
ALEJANDRO MAYORKAS, Secretary, in his
official capacity as Secretary for the U.S. Department of
Homeland Security,

    Respondents.
_____/

## ORDER ON EMERGENCY WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner Carlos Alonso Martinez Mayorga's ("Petitioner") Emergency Petition for Writ of Habeas Corpus ("Petition") filed on June 4, 2024, ECF No. [1]. Respondents filed a Memorandum of Fact and Law in Response to the Order to Show Cause and in Opposition of Petitioner's Emergency Petition for Writ of Habeas Corpus ("Response"), ECF No. [6]. Petitioner filed a Reply, ECF No. [8]. The Court has reviewed the Petition, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the Petition is dismissed.

    **I.  BACKGROUND**

Petitioner seeks relief pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651, and Art. I § 9, cl. 2 of the United States Constitution. ECF No. [1] ¶ 1. Petitioner, a native and citizen of Nicaragua,

claims he was "detained and denied parole without an explanation in violation of the Constitution." *Id*. at 1. Petitioner is currently appealing the removal order against him to the Board of Immigration Appeals ("BIA"). *Id*. ¶ 13. Petitioner states he has exhausted all available administrative remedies. *Id*. ¶ 17. On May 14, 2024, Petitioner filed a Stay of Removal to the United States Immigration and Customs Enforcement ("ICE") and request for Order of Supervision (rather than detention) which were denied because his passport had expired. *Id*. ¶¶ 14. One day later, on May 15, 2024, Petitioner requested prosecutorial discretion from the Department of Homeland Security ("DHS"), which was also denied. *Id*. ¶ 15. Then on May 21, 2024[1], Petitioner filed a Notice to Appeal before the BIA — this appeal is currently pending. *Id*. ¶ 16. Although the appeal is pending, Petitioner seeks a writ of habeas corpus as appeals for "these cases typically take extensive time [and here, the] waiting time is not adequate and will cause irreparable harm to his Legal Permanent Resident mother if Petitioner is not promptly released." *Id*. ¶ 16. Petitioner argues he cannot be released without an unexpired passport, but he cannot renew his passport while in detention. *Id*.

Petitioner asserts that his detention is due to a failure of due process. *Id*. ¶ 18. The alleged failure of due process arose when the immigration judge overseeing Petitioner's application for asylum refused to consider Petitioner's application, because, as conceded, the required pre-trial brief was not filed in a timely manner. *Id*. ¶ 19. Petitioner claims his detailed application for Asylum and Withholding of Removal explained his position in much greater detail than the Pre-Trial brief, and therefore, this failure "should not be considered an abandonment of the relief [sought] in his Application for Asylum and Withholding of Removal." *Id*.

The relief Petitioner seeks from this Court includes: (1) assume jurisdiction over this matter; (2) a declaration that his continued detention violates his due process rights under the

---

[1] Petitioner inadvertently wrote 2023 in his Petition; the record is clear the appeal was filed in 2024.

Case No. 24-cv-22131-BLOOM/Elfenbein

United States Constitution; (3) an order granting his immediate release; (4) an order awarding attorney's fees and costs; and (5) any other relief this Court deems necessary and just. *Id*. at ¶¶ 30-34.

Respondents argue the Petition should be denied because: (1) Petitioner failed to name the correct Respondent; (2) habeas is not a relief available to Petitioner as discretionary detention prior to a final removal order is lawful, pursuant to 8 U.S.C. § 1226(a); (3) this Court lacks jurisdiction to review the denial of bond and Petitioner's detention pursuant to 8 U.S.C. § 1226(e) and the Immigration and Nationality Act ("INA") INA § 236(e); (4) this Court lacks jurisdiction to review the order of removal, which is not final pursuant to 8 U.S.C. § 1252(b)(1)(2) and (9), INA § 242; and (5) this Court does not have jurisdiction to review Petitioner's denial of bond, parole, or his non-final order generally, Petitioner's due process rights have nevertheless not been violated. *See generally*, ECF No. [6].

Petitioner replies that any failure to name the appropriate Respondent may be cured if leave to amend is granted. ECF No. [8] at 2. Petitioner argues his due process rights were violated as his current detention occurred while he was lawfully released on bond but arrested by the Miami Dade Police "without a finding of probable cause;" therefore the actions derived from that arrest "should be deemed null and void." *Id*. at 2. Petitioner reasons that he is not challenging the Attorney General's discretionary judgment regarding the revocation of his bond and detention decision under INA § 236. *Id*. Rather, Petitioner asks this Court to protect "his Constitutional right to due process and declare invalid the procedural acts that derived from an illegal arrest that led to his detention and the unconstitutionality of its removal process." *Id*. at 3.

## II. LEGAL STANDARD

### A. Writ of Habeas Corpus 28 U.S.C. § 2441

Federal courts are vested with the authority to issue writs of habeas corpus to individuals in custody if that custody is a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Section 2241 is the proper vehicle through which to challenge the constitutionality of a non-citizen's detention without bail." *Demore v. Kim*, 538 U.S. 510, 516–17, (2003). "A person need not be physically imprisoned to be in custody under the statute; instead, habeas relief is available where the individual is subject to 'restraints not shared by the public generally.'" *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 967–68 (N.D. Cal. 2019) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). Declaratory and injunctive relief are proper habeas remedies. *See id*. at 970 (enjoining ICE from re-arresting petitioner without a bond hearing); *see also N.B. v. Barr*, 2019 WL 4849175, at *7 (S.D. Cal. Oct. 1, 2019) (citing cases).

### B. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction

4

and give courts power the Congress denied them." *Id*. (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*. at 410.

## III. DISCUSSION

### A. Proper Respondent

Petitioner named the following Respondents in his Petition seeking a writ of habeas corpus and asking for an order issued against Immigration and Customs Enforcement ("ICE") to release him: Michael W. Meade, Susan Dunbar, Patrick Leckleitner, and Alejandro Mayorkas.[2] ECF No. [1].

Respondents acknowledge that a federal district court may have jurisdiction to consider the legality of Petitioner's continued detention pending appeal, but the Respondents he named were incorrect. ECF No. [6] at 9. Respondents point out that the Assistant Field Director, Mitchell Diaz

---

[2] Meade is named as Director for the ICE Miami Office Enforcement and Removal Operations; Dunbar is named as Acting Executive Associate Director for Management and Administration for Immigration and Customs Enforcement; Leckleitner is named in his official capacity as Senior Official Performing Duties of the Director of the United States Immigration and Customs Enforcement; and Mayorkas is named in his official capacity as Secretary for the U.S. Department of Homeland Security. ECF No. [1] at 1. In his Reply, Petitioner sought to amend his Petition to remove Susan Dunbar as a named Respondent and add Tae D. Johnson in his official capacity as Acting Director for Immigration and Customs Enforcement. ECF No. [8] at 1.

Case No. 24-cv-22131-BLOOM/Elfenbein

("Diaz") is the immediate custodian in charge of the facility where Petitioner is detained. Pursuant to 28 U.S.C. § 2443, Diaz is "the person having custody over the person detained" and therefore, the only proper Respondent. *Id*. Respondents contend that "at minimum, all Respondents named in the Emergency Petition should be dismissed as improper parties to this matter." *Id*.

Petitioner replies that jurisdiction is proper notwithstanding the technical error. ECF No. [8] at 1-2. Petitioner reasons that should Respondents decline to waive this jurisdictional issue based on his technical error, he should be granted leave to amend the Petition, or this Court may *sua sponte* substitute the correct Respondent. *Id*.

The Court agrees with Petitioner that his error is a technical one. In the interest of reaching the merits of his Petition, the Court may *sua sponte* substitute the correct Respondent, and dismiss the improperly named Respondents. As conceded, Diaz is the correct official within this Court's geographical jurisdiction notwithstanding the technical error in the Petition. In the Eleventh Circuit, courts may *sua sponte* order substitution for the proper respondent as "denial of a habeas petition for failure to name the proper respondent 'would give an unreasonably narrow reading to the habeas corpus statute.'" *Jackson v. Chatman*, 589 Fed. App'x 490, n. 1 (11th Cir. 2014) (quoting *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *aff'd in relevant part en banc*, 510 F.2d 363 (5th Cir. 1975);[3] s*ame, McCormick v. United States*, Case No. 23-cv-22619-Altman, 2023 WL 5901189, n.1 (S.D. Fla. Sept. 11, 2023).

**B. Discretionary Detention Pursuant to 8 U.S.C. § 1226(a), INA § 236(a)**

Petitioner seeks an immediate release from his detention and has taken the following actions thus far: he filed a Notice of Appeal to the Board of Immigration Appeals ("BIA") that is

---

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

6

pending; he requested a Stay of Removal before ICE; he requested an Order of Supervision; and he requested Prosecutorial Discretion from the Department of Homeland Security ("DHS"). ECF No. [1] at 4. Petitioner argues the Immigration Judge "flagrantly violated [his] constitutional right to defense and to be heard in Court by ordering [his] Removal and detention." *Id*. at 6.

Respondents argue that Petitioner was initially detained pursuant to 8 U.S.C. § 1226(a), INA § 236(a) pending removal proceedings and determination of whether a final order of removal was warranted, which Respondents argue has been done lawfully. ECF No. [6] at 11.

Petitioner replies that he was released on bond pursuant to § 1226(a), INA §236(a) but that his later arrest by the Miami Dade Police Department which led to his current detention lacked probable cause, and therefore the revocation of his bond and any further action derivative of that arrest should be deemed "null and void." ECF No. [8] at 2. Petitioner argues he is not challenging the discretionary judgment of the Attorney General under § 1226(a) or (b), INA §236(a) or (b), instead he seeks release through his Constitutional right to due process and argues that his illegal arrest invalidates the procedural acts that followed, resulting in his detention. *Id*.

### i. Petitioner is Detained Pursuant to 8 U.S.C. § 1226, INA 236

As Petitioner seeks habeas relief through an immediate release of his detention, the Court reviews the basis of his current detention. The arrest that led to Petitioner's detention occurred on November 13, 2023. ECF No. [6] at 6. As Respondent acknowledges, the charges against Petitioner for that arrest were dropped. *Id. See* ECF No. [1-13] at 2. While Petitioner asserts his November 14, 2023 arrest was illegal, the record provided by Petitioner only indicates that he filed a "Motion to Suppress All Evidence Derived from Illegal Stop" on February 25, 2024, then withdrew that Motion on March 5, 2024; the case was then closed on May 16, 2024. ECF No. [1-13] at 2. Therefore, based on the record before this Court, Petitioner has not sufficiently demonstrated his arrest was illegal or that there was a lack of probable cause as alleged.

7

Petitioner cites to several cases in support of his argument that habeas relief is warranted "when imprisonment is illegal" as he believes it is here. However, those case are distinguishable and unpersuasive. ECF No. [1] at 5. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) ("In these cases, we must decide whether this post-removal-period statute authorizes the Attorney General to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably* necessary to secure the alien's removal.") (citing 8 U.S.C. § 1231(a)(6)); *see Demore v. Kim*, 53. U.S. 510, 516-17 (2003) ("respondent challenges the statutory framework that permits his detention without bail.").[4]

Moreover, Petitioner's criminal history was before the immigration judge who provided Petitioner additional time to file certain documents, including his criminal history chart "explaining in detail each and every encounter [Petitioner had] with law enforcement." ECF No. [6] at 7; Ex. O, Trans. 13:4-5. Petitioner was granted a continuance from April 10, 2024 until May 6, 2024 to file his criminal history chart before his hearing on May 13, 2024. *Id*. The record indicates that the immigration judge warned Petitioner to comply, or his application would be deemed abandoned, resulting in voluntary removal or he would be subject to an order of voluntary departure. ECF No. [6-17] Ex. O, Trans. 13:1-13. Petitioner failed to comply and provide the immigration judge the criminal history chart as ordered. That would have allowed review of all prior encounters with law enforcement, and also address his November 13, 2024 arrest and whether they was a proper basis for detention or removal. ECF No. [6-17] Ex. O, Trans. Apr. 10, 2024, 13:4-5; ECF No. [6-19] Ex. Q, Trans. May 13, 2024, 11:8-25; 12:1-9; 17:6-22; 18:6-11.

---

[4] Petitioner filed an additional case that is out of this circuit, and inadvertently failed to include the full cite for review.

Case No. 24-cv-22131-BLOOM/Elfenbein

### ii. Petitioner's Detention is Lawful

Upon a review of Petitioner's arguments and the case law provided, the Court finds Petitioner has failed to establish that his detention pursuant to 8 U.S.C. § 1226, INA § 236 was unlawful, or that this Court has jurisdiction to review the discretionary judgment of the Attorney General. Respondents correctly point out that § 1226 provides that the determination to detain or release an alien, through bond or parole, is solely within the discretion of the Attorney General.

Section 1226 provides in pertinent part:

(a) Arrest, Detention and Release
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General---
    (1) may continue to detain the arrested alien; and
    (2) may release the alien on---
        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
        (B) conditional parole;

*Id*.

Petitioner points out that he was released on bond in 2019 pursuant to § 236(a)(2)[5]. ECF No. [8] at 2. Nevertheless, pursuant to 8 U.S.C. § 1226(b), INA § 236(b) the "Attorney General at *any time* may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." *Id*. (emphasis added). Therefore, whether Petitioner was released earlier on bond through § 1226, INA § 236 does not preclude revocation of his bond later and is a proper basis for his detention.

Petitioner argues extensively that his detention is improper because the charges pursuant to his November 13, 2023 arrest were dropped. However, that arrest is not the basis of his current removal proceedings. After his arrest, a Record of Deportable/Inadmissible Alien was prepared,

---

[5] The Warrant for Arrest of Alien from 2019, that the U.S. Department of Homeland Security issued against Petitioner, was pursuant to INA § 236. ECF No. [6-7].

providing that the basis for his removal was because Petitioner is not a citizen or national of the United States, and that he "appears to have entered the United States without inspection at an unknown place," with no pending applications with immigration service. ECF No. [6-13] at 3.[6] Due to Petitioner's lack of sufficient immigration documentation, he was thereafter held in ICE custody pending removal. ECF No. [16-3] at 3.

The parties agree that Petitioner is an alien and agree that a final decision on removal was pending at the time the Petition was filed. Consequently, the Court agrees that 8 U.S.C. § 1226(a), INA § 236(a) applies to Petitioner notwithstanding his prior release on bond, or any other argument set forth in the Petition and Reply. The burden of establishing jurisdiction "rests upon the party asserting it." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Despite Petitioner's arguments, he has failed to meet his burden. As such, the Court finds the application of 8 U.S.C. § 1226, INA §236 is proper in this matter. The Attorney General may detain or release Petitioner on bond or parole, and that determination remains within the sole discretion of the Attorney General, and is beyond the jurisdiction of this Court.

**C. Jurisdiction to Review Denial of Bond and Petitioner's Detention**

Petitioner asks this Court to assume jurisdiction, seeking immediate release. ECF No. [1] at 7. Petitioner argues he "has been detained and denied parole without an explanation," and the various actions taken after the March 22, 2024 denial of bond, including his pending appeal to the

---

[6] The basis for removal provided was 8 U.S.C. § 1182(a)(7)(A)(i)(I), INA § 212(a)(7)(A)(i)(I) which states:

> any immigrant at the time of application for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title [] is excludable. *Id*.

Board of Immigration Appeals, resulted in an exhaustion of "every administrative remedy available." *Id*. ¶¶ 14-17; ECF No. [1-16].

Respondents argue that this Court cannot set aside the discretionary decision by the immigration judge to deny Petitioner bond under 8 U.S.C. § 1226(e), INA § 236(e). ECF No. [6] at 13. Respondents cite to *Jennings v. Rodriguez*, 583 U.S. 281 (2018) in support of their argument that § 1226(e) prevents Petitioner from challenging the discretionary judgment of the Attorney General with respect to his detention or release. ECF No. [6] at 13. Regarding denial of parole, Respondents argue that parole is also discretionary and not subject to judicial review. *See Reganit v. Sec'y, Dept. of Homeland Sec.*, 814 F.3d 1253, 1257 (11th Cir. 2016) (citing 8 U.S.C. § 1182(d)(5)(A)).

Petitioner replies that he is challenging the due process violations "and the illegality of the arrest that led to his subsequent removal order and continued detention." ECF No. [8] at 3. Petitioner argues that *Jennings* supports his argument as it "cleared the jurisdictional path for alien detainees to challenge their detention via habeas petitions in district courts [and] reaffirmed the status quo." *Id*.

i. **Section 1226(e) Precludes a Challenge to the Denial of Petitioner's Bond**

The Court agrees with Respondent. The statutory language in 8 U.S.C. § 1226(e), INA § 236(e) is clear and unambiguous and provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.
> *Id*.

The statutory language was reinforced by the Supreme Court of the United States in *Jennings*, holding "[a]s we have previously explained, § 1226(e) precludes an alien from 'challeng[ing] a "discretionary judgment" by the Attorney General or a "decision" that the

11

Attorney General has made regarding his detention or release.'" 583 U.S. at 295 (citing *Demore v. Kim*, 538 U.S. 510, 516, (2003)). In *Jennings*, the Court did find jurisdiction was not precluded by § 1226(e) for a discreet issue, which is not present here. Explaining the distinction, the Court observed that "respondents are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined." *Id*. at 294. Rather, the discreet issue in *Jennings* was "the extent of the Government's detention authority under the 'statutory framework' as a whole" and whether that authority permitted detention of aliens without bail. *Id*. at 295-96. *See also Nielsen v. Preap*, 586 U.S. 392, 401 (2019). Here, Petitioner only seeks review of his order of removal which § 1226(e) precludes as observed by *Jennings*, and he is challenging the process by which he was removed However, *Jennings* clearly distinguished the issues raised by Petitioner, and is therefore, unavailing to Petitioner.

Petitioner's reliance on *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001) to advance his argument that district courts typically have jurisdiction over an alien's challenge to his or her detention is also distinguishable. As a threshold matter, *St. Cyr* did not address a challenge of detention pursuant to § 1226(e). In *St. Cyr*, the respondent, a detained alien, pled guilty to deportable crimes *prior* to the enactment of two amendments at a time when INA § 212(c) gave the Attorney General broad discretion to waive deportation of resident aliens.[7] *Id*. The Court determined that, prior to those two amendments, "aliens like St. Cyr had a significant likelihood of receiving § 212(c) relief [and] almost certainly relied upon that likelihood in deciding whether to forgo their right to a trial." *Id*. at 325. For those reasons, the Court held discretionary relief under § 212(c) would remain available

---

[7] The amendments in question in *St. Cyr* were the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). *I.N.S. v. St. Cyr*, 533 U.S. 289, 293 (2001).

to aliens "whose convictions were obtained through plea agreements *and* who [] would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id*. at 325 (emphasis added). The decision in *St. Cyr* does not pertain to the facts here or the controlling statutes.[8] Accordingly, Petitioner has failed to establish that his detention is subject to review by this Court. Instead, the decision to deny Petitioner bond is discretionary pursuant to § 1226 and beyond the jurisdiction of this Court.

### ii.  Parole is Discretionary Pursuant to Section 1182

Petitioner has raised denial of parole as a basis for relief. ECF No. [1] at 1. Petitioner argues that his mother, a legal permanent resident, was diagnosed with cancer and is dependent on him "for financial, health care, and emotional support," raising her care as a basis for his release. *Id*. ¶¶ 24, 25. Respondent points out that parole from custody differs from bond but is also discretionary, and therefore, not subject to this Court's review. ECF No. [6] at 15.

Respondent is correct that a decision to parole is discretionary, and therefore this Court does not have jurisdiction to review. Section 1182 states:

> The Attorney General may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.
> 8 U.S.C. § 1182(d)(5)(A), INA § 212(d)(5)(A)

---

[8] Petitioner cites to additional cases from outside of this circuit, pertaining to different factual bases, such as inhumane conditions of confinement, unlawful and unreasonable length of detention, failure to fulfil INA obligations, etc. As these are clearly distinguishable cases and not binding on this Court, the analysis need not go further.

Moreover, Petitioner seeks immediate release and has not expressed an argument for *temporary* parole as provided above. Petitioner does not indicate that if released, he would return to custody at a time deemed proper by the Attorney General, so his case would be handled as "any other applicant for admission to the United States." *Id*. Instead, Petitioner argues his detention, revocation of bond, and all actions that arose out of his November 14, 2023 arrest should be deemed "null and void." ECF No. [8] at 2.

As Respondents correctly point out, the Eleventh Circuit has held that "Congress has delegated remarkably broad discretion to executive officials under the Immigration and Naturalization Act, and these grants of statutory authority are nowhere more sweeping than in the context of parole of excludable aliens." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1484 (11th Cir. 1985) (citing *Jean v. Nelson*, 727 F.2d, 957, 977 (11th Cir. 1984)).

Accordingly, this Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond, nor the decision to have not granted release through parole due to the health of Petitioner's mother as both are discretionary determinations.

**D.  Jurisdiction to Review Petitioner's Non-Final Order of Removal and Detention**

Petitioner concedes his "appeal is pending before the Board of Immigration Appeals." ECF No. [1] ¶ 16. However, he argues appeals "take extensive time" and because his passport was expired, he cannot be released to obtain a valid passport, and thus, no administrative relief is available to him. *Id*. ¶¶ 16-17.

Respondents argue this Court does not have jurisdiction because judicial review is limited to review of a *final* order of removal pursuant to INA § 242(b)(9) which is not the case here. ECF No. [6] at 14. Respondents contend Petitioner's claim that his detention arose from a failure of due process, and that the ruling by the immigration judge denying his application for asylum as abandoned, was an unconstitutional violation of his right to due process is without merit "as the

14

decision to institute removal proceedings is not subject to judicial review." *Id*. at 15-16. Petitioner's Reply does not address those arguments.

The Court agrees with Respondents and finds jurisdiction does not exist because the provisions for Judicial Review of Orders of Removal within 8 U.S.C. § 1252(b), INA § 242(b), explicitly preclude review of non-final orders:

> (b) Requirements for review of orders of removal
> With respect to review of an order of removal under subsection (a)(1)[9], the following requirements apply:
> (1) Deadline
> The petition for review must be filed not later than 30 days after the date of the final order of removal.
> 8 U.S.C. § 1252(b)(1), INA § 242(b)(1)
>
> (9) Consolidation of questions for judicial review
> *Judicial review of all questions of law and fact*, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter *shall be available only in judicial review of a final order* under this section. Except as otherwise provided in this section, *no court shall have jurisdiction, by habeas corpus under section 2241* of title 28 or any other habeas corpus provision . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.
> 8 U.S.C. § 1252(b)(9), INA § 242(b)(9) (emphasis added)

The statutory language is clear and unambiguous and precludes judicial review of any order of removal that is not final. It is undisputed that the Petition was filed prior to review of the appeal before the immigration judge. Accordingly, 8 U.S.C. § 1252(b)(2) and (9), INA § 242(b) and (9) prevents this Court from judicial review of Petitioner's non-final order. Moreover, even if the order of removal were final, this Court would *still* not have jurisdiction as review of a final order must be filed with the respective court of appeals:

> (2) Venue and forms
> The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.

---

[9] Subsection (a)(1) provides for judicial review of a final order of removal, except as in subsection (b). 8 U.S.C. § 1252(a)(1), INA § 242(a)(1).

8 U.S.C. § 1252(b)(2)(9), INA § 242(b)(2)(9)

Petitioner does not point to any exception allowing this Court to review a non-final order. Nor does Petitioner's assertion that there are no administrative remedies available to him disturb the fact that the pending appeal means the order is not final and therefore, not reviewable. Accordingly, 8 U.S.C. § 1252(b), INA § 242(b) precludes this Court from having jurisdiction over the Petition.

### E.  Due Process

Regarding Petitioner's argument that the immigration proceedings violated his due process rights, the Court agrees with Respondents that it cannot reach that determination when it does not have jurisdiction to review the case. "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). As this Court has determined there is no basis for jurisdiction to review the Attorney General's decision under 8 U.S.C. § 1226(e), INA § 236(e), and the lack of jurisdiction to review pursuant to 8 U.S.C. § 1252(b), INA § 242(b), this Court cannot proceed to the due process argument raised by Petitioner.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1],** is **DISMISSED without prejudice**.
2. The Clerk of Court is directed to **CLOSE** this case.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

Case No. 24-cv-22131-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 26, 2024.

_____<br>
**BETH BLOOM**<br>
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record